**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHNNY LEE NICHOLS
ADC#115100                                                                                         PETITIONER

VS.                              5:12CV00152 KGB/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                RESPONDENT

**ORDER**

Petitioner has filed a number of Motions in this § 2254 habeas case. First, Petitioner requests the issuance of subpoenas to identify "every inmate [in the ADC] that is affected by Act 1034 of 2005, the 70%/50% law." (Docket entries #16,#18, #23). Petitioner has made no showing of the relevance of this information to his habeas case.[1] Thus, his Motions requesting discovery will be denied.

Second, Petitioner has filed Motions requesting injunctive relief to remedy various complaints about his conditions of confinement and allegations of inadequate

---

[1] Pursuant to Rule 6(a) of the Rules Governing § 2254 cases, the Court may, for "good cause," authorize a party to conduct discovery pursuant to the Federal Rules of Civil Procedure. *See also Bracy v. Gramley*, 520 U.S. 899, 904-09 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"; instead, the petitioner must first demonstrate "good cause" before obtaining the court's permission to engage in discovery).

medical care. (Docket entries #25, #30, #32 and #39). Those 42 U.S.C. § 1983 claims are not cognizable in a habeas action under 28 U.S.C. § 2254. *See, e.g., Williams v. Hopkins*, 130 F.3d 333, 335-36 (8th Cir. 1997) (challenges "to the conditions of confinement" must be brought in a civil rights action filed pursuant to a 42 U.S.C. § 1983 action, while challenges "to the fact or duration of a sentence of imprisonment" must be brought in a § 2254 habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9 (2005) (*per curiam*) (denial of access to a law library cannot provide a basis for habeas relief). If Petitioner wishes to pursue those claims, he should file an appropriate § 1983 action.

Finally, Petitioner requests the appointment of counsel. (Docket entries #29 and #33). After careful consideration, the Court concludes that the factual and legal issues presented in this non-capital habeas case are not complex, and that Petitioner has demonstrated his ability to investigate and articulate his claims.[2] Accordingly, the Motions for Appointment of Counsel will be denied.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's "Motion to Join/Subpoena" (docket entry #16), "Motion for

---

[2]It is well settled that a habeas petitioner in a non-capital case does not have a constitutional or statutory right to counsel. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Instead, the Court may, in its discretion, appoint counsel if: (1) the habeas action is factually or legally complex; or (2) the petitioner is unable to investigate or articulate his claims without court-appointed counsel. *Morris*, 217 F.3d at 558; *McCall*, 114 F.3d at 756.

Special Requests" (docket entry #18), and "Motion for Order to Subpoena" (docket entry #23) are DENIED.

2.   Petitioner's "Motions to Show Cause for an Injunction" (docket entries #25, #30, #32, and #39) are DENIED.

3.   Petitioner's Motions for Appointment of Counsel (docket entries #29 and #33) are DENIED.

Dated this 3rd day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE