# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JOHNNY LEE NICHOLS
ADC#115100                                                                    PETITIONER


VS.                              5:12CV00152 KGB/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                             RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Kristine G. Baker.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Johnny Lee Nichols. Before addressing the merits of Petitioner's habeas claim, the Court will review the procedural history of the case in state court.

On June 23, 2011, Petitioner pleaded guilty, in Benton County Circuit Court, to: (1) possession of drug paraphernalia with intent to manufacture; (2) second-degree forgery; (3) third-degree domestic battery; and (4) third-degree terroristic threatening. (Docket entry #37-6).  He was sentenced to an aggregate term of 120 months of imprisonment.  (Docket entry #37-6 at 4).

On November 2, 2011, Petitioner filed a *pro se* "Petition to Correct a Sentence Imposed in an Illegal Manner" in the trial court.  (Docket entry #37-7).  According to Petitioner, his trial counsel was ineffective and had failed to advise him about his eligibility for parole.

On April 26, 2012, while that petition was pending in Benton County Circuit Court, Petitioner initiated this *pro se* habeas action.  (Docket entry #1). He argues essentially the same ineffective assistance of counsel claim raised in his "Petition to Correct a Sentence Imposed in an Illegal Manner": His lawyer "tricked" him into accepting a plea agreement without informing about when he would be eligible for parole.  (Docket entry #14 at 5).

On November 7, 2012, Respondent filed his Response (docket entry #37), arguing that the Petition should be dismissed, without prejudice, so that Petitioner can

exhaust his habeas claim in state court.[1] In Petitioner's Reply, he has attached a copy

of a December 13, 2012 Order from the Benton County Circuit Court dismissing his

postconviction petition as untimely. (Docket entry #44 at 2-3).

For the reasons discussed below, the Court recommends that this habeas action

be dismissed, without prejudice, so that Petitioner can exhaust his available state court

remedies by appealing the trial court's December 13, 2012 Order to the Arkansas

Supreme Court.

## II. Discussion

A habeas petitioner must exhaust his available state-court remedies as a

prerequisite to federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Furthermore, as

a matter of comity, a federal court should not review a habeas claim by a state prisoner

until the state courts have had an opportunity to review the claim and correct any

error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A habeas claim is

exhausted only when the claimant has afforded the "highest state court a fair

opportunity to rule on the factual and theoretical substance of his claim." *Ashker v.*

*Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993).

Petitioner has not exhausted his claim because he has not appealed the denial

---

[1]When the  Response was filed, Petitioner's *pro se* postconviction petition remained pending in Benton County Circuit Court.

of postconviction relief to the Arkansas Supreme Court.  Thus, the Court recommends that his habeas Petition be dismissed, without prejudice, so that Petitioner can exhaust his claim.  **Petitioner should immediately file a Notice of Appeal in Benton County Circuit Court appealing the trial court's December 13, 2012 Order denying his postconviction petition.**  He should thereafter lodge the record of his postconviction proceeding in Benton County Circuit Court with the Clerk of the Arkansas Surpeme Court.  If the denial of postconviction relief is affirmed by the Arkansas Supreme Court, Petitioner may refile his federal habeas petition.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (docket entry #14) be DISMISSED, WITHOUT PREJUDICE.  IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 7th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE